IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Michael E. Kennedy, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.    CCB-10-CV-1900 |
| | * | |
| Ace Cash Express, 1231 Greenway Drive, | * | |
| Suite 600, Irving, Texas 75038; **and Duhe** | * | |
| **Enterprises, dba Ace Cash Express,** | * | |
| **#5421, 901 North Salisbury Boulevard,** | * | |
| **Salisbury, Maryland 21801,** | * | |
| | * | |
| Defendants. | * | |

FILED ___ ENTERED
LOGGED ___ RECEIVED

AUG 30 2010

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## AMENDED COMPLAINT

**I.**    **Jurisdiction in this case is based on:**

     [ X ]    Federal question (suit is based upon a federal statute or provision of the United States Constitution).

     [ X ]    Diversity (none of the defendants are residents of the state where plaintiff is a resident).

     [ X ]    Other (explain) *Fair Debt Collection Practices Act ("FDCPA") of 1977.*

**A.**    **Jurisdiction.**

This action is brought pursuant to the *Fair Debt Collection Practices Act ("FDCPA") of 1977, 15 U.S.C. §1692 et seq.*, and State of Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.* The Court has jurisdiction over this action pursuant to *28 U.S.C. §1331*. The Plaintiff further invokes the pendent jurisdiction of this Court.

**B.**    **Parties.**

     (1)    The Plaintiff in this action is Michael Edward Kennedy, who presently resides at 33250 Old Ocean City Road, Parsonsburg, Maryland 21849.

(2) The **Defendants** in this action **are:**

(a) Ace Cash Express, **1231 Greenway Drive, Suite 600, Irving, Texas 75038,** which is a national corporate entity legally registered and operating within the confines of the State of Maryland, maintaining a business **franchise** address at 901 North Salisbury Boulevard, Salisbury, Maryland 21801. Ace Cash Express does business specializing in gold buying; auto insurance; prepaid debit cards; payday loans; and title loans. It is sued in its corporate entity.

(b) **Duhe Enterprises, Inc[1]., which is a legally registered entity within the confines of the State of Maryland, and operates the Ace Cash Express franchise #5421 located at 901 North Salisbury Boulevard, Salisbury, Maryland 21801. James A. Duhe is the owner of Duhe Enterprises, Inc., and operates Ace Cash Express franchise #5421, doing business specializing in gold buying; auto insurance; prepaid debit cards; payday loans; and title loans. It is sued in its corporate entity.**

## C. The Complaint In This Matter Is Timely Filed.

The statute of limitations for filing a *Fair Debt Collection Practices Act ("FDCPA")* action in accordance with the state laws of Maryland for a comparable civil action is two-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence. The material documents and factual evidence supporting the instant action became known to Mr. Kennedy in July of 2010. The Complaint in this matter is therefore timely filed.

## D. Trial Demand.

The Plaintiff in the above-captioned complaint, Michael E. Kennedy, demands a trial by jury in this matter.

---

[1] Duhe Enterprises, Inc., maintains a business at 5644 N Nithsdale Drive, Salisbury, Maryland 21801-2441.

**II.** **Statement of the Case**

The Plaintiff in this matter brings suit under the *Fair Debt Collection Practices Act of 1977 ("FDCPA") (15 U.S.C. §1692 et seq.*) and State of Maryland *Fair Debt Collection Practices Act* collection laws *(Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.)* prohibiting debt collectors from engaging in abusive, deceptive or unfair collection practices.

**III.** **Background**

The Plaintiff, Michael E. Kennedy, brings suit under both the federal and Maryland debt collection laws prohibiting debt collectors from engaging in abusive, deceptive, or unfair collection practices. Mr. Kennedy asserts that **Defendants** Ace Cash Express **and Duhe Enterprises, dba Ace Cash Express franchise #5421**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers knowingly and willingly engaged in an unlawful telephone campaign in an effort to collect payment on a disputed debt owed Ace Cash Express by an individual other than Plaintiff and who has been identified by Ace Cash Express employees as "Marilyn Wilson." The Plaintiff does not know Marilyn Wilson; has no relation to Marilyn Wilson; and is not legally responsible for any debts incurred by Marilyn Wilson. Ace Cash Express, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers further threatened Plaintiff with repossession of his own personal vehicle – a vehicle which he has clear title to. Lastly, even after being sent a cease and desist letter by Plaintiff, Ace Cash Express, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers continued in their unlawful telephone campaign in an effort to collect payment on a disputed debt owed Ace Cash Express by an individual other than Plaintiff. The individual and collective acts of Ace Cash Express, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers further served to invade the Plaintiff's right to privacy and cause Plaintiff emotional distress and mental anguish.

## IV. <u>Introduction</u>

1.) Count I of the Plaintiff's Complaint is based on the State of Maryland's *Fair Debt Collection Practices Act*[2], *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

2.) Count II of the Plaintiff's Complaint is based on the *Fair Debt Collection Practices Act of 1977 ("FDCPA") (15 U.S.C. §1692 et seq.)*

3.) Count III of the Plaintiff's Complaint is based on the Plaintiff's common law right to privacy.

4.) Count IV of the Plaintiff's Complaint is based on the State of Maryland's *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

5.) **Defendants** acted through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relative to this complaint.

6.) **Defendants are** seeking to collect a consumer debt from Plaintiff as defined by *Md. Code Ann., Business Regulation § 7-101 (e)*

7.) The account in question is a consumer credit transaction as defined by *Md. Code Ann., Business Regulation § 7-101 (e)(2)* as Plaintiff has allegedly received property, services or money from the **Defendants** on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

8.) Jurisdiction arises under *28 U.S. C. §1331*.

9.) **Defendants conduct** business and **are** located in the state of Maryland, Wicomico County, and therefore, personal jurisdiction is established.

10.) Declaratory relief is available pursuant to *15 U.S.C. §1692 et seq.*,

11.) Plaintiff is a natural person residing in Parsonsburg, Wicomico County, Maryland.

12.) Plaintiff is a consumer and, according to **Defendants**, Plaintiff allegedly owes a debt as that term is defined by *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

13.) Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692(a) (3)*, and according to

---

[2] The Maryland *FDCPA* short title is the Maryland *Consumer Debt Collection Act ("MCDCA")*, hereinafter referred to as the Maryland "*FDCPA.*"

Amended Complaint - 4

**Defendants**, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692(a) (5)*.

14.) **Defendants are** a debt collector as that term is defined by *Md. Comm. Law Code Ann. §14-201 (b)*.

15.) **Defendants are** a debt collector as that term is defined by *15 U.S.C. 1692(a) (6)* and sought to collect a consumer debt from Plaintiff.

16.) Defendant **Ace Cash Express** is a national company with a **franchise** business office located in Salisbury, Wicomico County, Maryland, **operated by Duhe Enterprises, Inc., also of Wicomico County, Maryland.**

### V.  Factual Allegations

17.) On or about August 1st, 2009 Plaintiff switched his wireless service provider from Sprint to Verizon.

18.) On or about August 1st, 2009 Verizon provided 443-523-0180 as Plaintiff's new wireless cell phone number.

19.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

20.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, contacted Plaintiff from telephone numbers (972) 550-5000 and (410) 742-9222, on Plaintiff's cell phone, seeking and demanding payment for an alleged debt.

21.) On information and belief, the telephone number (972) 550-5000 is listed as belonging to the Irving, Texas office of Ace Cash Express in the telephone directory.

22.) On information and belief, the telephone number (410) 742-9222 is listed as belonging to the Salisbury, Maryland **franchise** office **#5421** of Ace Cash Express in the telephone directory, **which is operated by James A. Duhe and Duhe Enterprises, Inc.**

23.) Plaintiff does not owe the debt that **Defendants** was seeking to collect by continuously contacting him.

Amended Complaint - 5

24.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, called Plaintiff and asked for "Marilyn Wilson".

25.) Plaintiff informed Defendant's agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers on six (6) separate occasions that he did not know "Marilyn Wilson."

26.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, continued to place telephone calls to Plaintiff despite being told that he did not know "Marilyn Wilson".

27.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, talked to Plaintiff in an abusive and harassing manner. **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, yelled and used abusive language when speaking to Plaintiff.

28.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers threatened to file a lawsuit against Plaintiff if Plaintiff did not put "Marilyn Wilson" on the telephone.

29.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, threatened to reposes Plaintiff's vehicle if Plaintiff did not put "Marilyn Wilson" on the telephone.

30.) Plaintiff's 2001 Chevrolet Blazer was financed by the Wilmington Trust Company.

31.) Plaintiff's 2001 Chevrolet Blazer Wilmington Trust Company auto loan was paid in full and Plaintiff had clear title to the vehicle prior to August 1st, 2009.

32.) On June 4th, 2010 Plaintiff mailed a cease and desist letter, via certified mail, properly addressed to Ace Cash Express, 1231 Greenway Drive, Suite 600, Irving, Texas 75038.

33.) Plaintiff, in his cease and desist letter as identified above in item #32 of this complaint, notified Defendant Ace Cash Express that: (a) he had received the 443-523-0180 telephone

number in August of 2009; (b) did not know "Marilyn Wilson" nor was he legally responsible for any debts owed by her to Ace Cash Express; (c) had clear title to his 2001 Chevrolet Blazer and did not personally owe any monies to Ace Cash Express; (d) demanded that Ace Cash Express provide a copy of the contract proving that Plaintiff owed Ace Cash Express a debt and that the alleged debt was unpaid; and (e) formally requested that, if such debt could not be proved as being owed Ace Cash Express by Plaintiff, that Ace Cash Express and its representatives then cease and desist from calling Plaintiff relative to any debts owed Ace Cash Express by "Marilyn Wilson."

34.)    **Defendants** did not respond to the Plaintiff's cease and desist letter as identified above in items #32 and #33 of this complaint.

35.)    **Defendants have** not, as of the filing of this complaint, provided Plaintiff with a copy of any contract proving that Plaintiff owed **Defendants** a debt and that the alleged debt was unpaid.

36.)    On information and belief, within five (5) days after first contacting Plaintiff, Ace Cash Express and its representatives were required to provide Plaintiff with written notice of the amount of money Plaintiff allegedly owed; the name of the creditor to whom it was owed; and what action needed to be taken by Plaintiff if he did not owe the money.

37.)    Plaintiff has not been provided by Ace Cash Express, or its representatives, with written notice of the amount of money Plaintiff allegedly owed; the name of the creditor to whom it was owed; and what action needed to be taken by Plaintiff if he did not owe the money.

38.)    On information and belief, **Defendants** and **their** representatives were required by law to end all telephone calls and collection efforts against Plaintiff after receiving Plaintiff's June 4th, 2010 formal cease and desist letter.

39.)    Plaintiff does not owe **Defendants**, or any other subsidiary companies of the **Defendants**, any monies.

40.)    **Defendants**, after receiving Plaintiff's cease and desist letter identified above in items #32 and #33 of this complaint, has acted through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, to continue to place telephone calls to Plaintiff seeking and demanding payment for an alleged debt owed by "Marilyn Wilson."

41.)    Since June 4th, 2010 the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers, has continued to place telephone calls to Plaintiff and threaten to reposes Plaintiff's personal vehicle.

42.) Since June 4th, 2010 the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, has continued to place telephone calls to Plaintiff and threaten to file a lawsuit against Plaintiff.

43.) Since June 4th, 2010 the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, has continued to place telephone calls to Plaintiff and threaten to garnish Plaintiff's pay.

44.) Since Plaintiff's June 4th, 2010 cease and desist letter the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers had no legal right to continue to contact Plaintiff and collect a debt Plaintiff did not owe them.

45.) Since Plaintiff's June 4th, 2010 cease and desist letter the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to place telephone calls to Plaintiff and threaten to file a lawsuit against Plaintiff.

46.) Since Plaintiff's June 4th, 2010 cease and desist letter the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to place telephone calls to Plaintiff and threaten to garnish Plaintiff's pay.

47.) Since Plaintiff's June 4th, 2010 cease and desist letter the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to place telephone calls to Plaintiff and threaten to repossess his personal vehicle.

48.) Since Plaintiff's June 4th, 2010 cease and desist letter the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals,

trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to invade the Plaintiff's right to privacy.

49.) Since Plaintiff's June 4th, 2010 cease and desist letter the **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers have engaged in actual malice, motivated by ill will and the intent to injure, as exhibited and demonstrated by their conduct in continuing to make annoying and harassing telephone calls to Plaintiff and by the use of threats, obscene, profane or grossly abusive language.

50.) The **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, use of threats and threats of repossession, abusive and obscene or profane language, and harassing and annoying calls in the attempted collection of an alleged debt owed by Plaintiff, invaded the Plaintiff's right to privacy and proximately caused the Plaintiff to suffer emotional distress and mental anguish.

51.) The **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, did proximately cause Plaintiff to suffer the physical and mental reactions of apprehension; anxiety; depression; appetite disorders and weight; sleeping problems; fatigue; restlessness; and mood changes coupled with a loss of drive and enthusiasm to pursue everyday activities and personal responsibilities and was induced by fear of loss of property, loss of income, and the subjection to adverse actions that pertained or related to his personal credit history.

## VI. <u>Count I</u>

### A. DEFENDANTS VIOLATED THE STATE OF MARYLAND *FAIR DEBT COLLECTION PRACTICES ACT.*

52.) **Defendants** violated the Maryland *Fair Debt Collection Practices Act (Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.)* based on the following:

(a.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers, violated *Md. Comm. Law Code Ann. §14-202 (6)* of the Maryland *Fair Debt Collection Practices Act* when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

(b.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (6)* of the Maryland *Fair Debt Collection Practices Act* when **Defendants** placed collection calls to the Plaintiff with such frequency as to be both unreasonable and to constitute a harassment to Plaintiff under the circumstances.

(c.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (8)* of the Maryland *Fair Debt Collection Practices Act* by falsely representing that a legal proceeding is about to be instituted unless payment of a consumer debt is made by Plaintiff.

(d) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202 (7)* by use of obscene or grossly abusive language in communicating with the Plaintiff.

(e) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct the natural consequence of which was to result to harass, oppress, or abuse and to proximately cause the Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(f.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.* and *Md. Code Ann., Business Reg. §7-101, et seq.* of the Maryland *Fair Debt Collection Practices Act* by continuously failing to comply with the statutory regulations contained within the *FDCPA, 15 U.S.C. §1692 et seq.*

(i.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers, violated *§1692 (d)* of the *FDCPA* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

(ii.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d) (5)* of the *FDCPA* by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

(iii.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (2) (A)* of the *FDCPA* by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff of Plaintiff's debt because Plaintiff does not owe the money **Defendants are** attempting to collect.

(iv.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (5)* of the *FDCPA* by threatening to file a lawsuit against Plaintiff even though **Defendants do** not intend to do so.

(v.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though **Defendants do** not intend to do so.

(vi.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to reposes Plaintiff's vehicle even though **Defendants do** not intend to do so.

(vii.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (f) (1)* of the *FDCPA* by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money **Defendants are** attempting to collect.

(viii.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (c) §§805 (c)* of the *FDCPA* by continuing to collect a debt from the Plaintiff after receiving a cease and desist communication notice.

## Count II

### A. DEFENDANT VIOLATED THE *FAIR DEBT COLLECTION PRACTICES ACT OF 1977.* 15 U.S.C. §1692 et seq.

53.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d)* of the *FDCPA* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

54.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (d) (5)* of the *FDCPA* by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

55.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (2) (A)* of the *FDCPA* by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money **Defendants are** attempting to collect.

56.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (5)* of the *FDCPA* by threatening to file a lawsuit against Plaintiff even though **Defendants do** not intend to do so.

57.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though **Defendants do** not intend to do so.

58.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers,

violated *§1692 (e) (10)* of the *FDCPA* by using deceptive means in an attempt to collect a debt by threatening to reposes Plaintiff's vehicle even though **Defendants do** not intend to do so.

59.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *§1692 (f) (1)* of the *FDCPA* by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money **Defendants are** attempting to collect.

## Count III

### A. DEFENDANTS VIOLATED THE PLAINTIFF'S COMMON LAW RIGHT TO PRIVACY.

60.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's right to privacy by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

61.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated Plaintiff's right to privacy by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

62.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers engaged in conduct, after receiving Plaintiff's cease and desist letter, while communicating with Plaintiff by utilizing obscene, profane or grossly abusive language were intentional and with malice, or in complete and reckless disregard of Plaintiff's common law right to privacy.

## Count IV

### A. DEFENDANT'S INTENTIONAL ACTIONS CAUSED THE PLAINTIFF TO SUFFER EMOTIONAL DISTRESS AND MENTAL ANGUISH.

63.) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202, Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101*.

(a) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-202, Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by        ing in conduct the natural consequence of which was to result to harass, oppress, or abuse and to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(b) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct that was intentional or reckless extreme and outrageous and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(c) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct continuing to contact Plaintiff after receiving his cease and desist letter were intentional and reckless acts and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(d) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* by engaging in conduct by making annoying and harassing telephone calls to Plaintiff after receiving his cease and desist letter were extreme, outrageous, intentional and reckless acts and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(e) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and

*Md. Code Ann., Fam. Law § 14-101* by engaging in conduct while communicating with the Plaintiff by utilizing obscene, profane or grossly abusive language were extreme, outrageous, intentional and reckless acts and the natural consequence of which was to result to proximately cause Plaintiff to suffer emotional distress and mental anguish in connection with the collection of a debt.

(f) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and threaten to file a lawsuit against Plaintiff after receiving Plaintiff's June 4th, 2010 cease and desist letter.

(g) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and threaten to garnish Plaintiff's pay after receiving Plaintiff's June 4th, 2010 cease and desist letter.

(h) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and threaten to repossess his personal vehicle after receiving Plaintiff's June 4th, 2010 cease and desist letter.

(i) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq., Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff

and willfully and intentionally invade the Plaintiff's right to privacy after receiving Plaintiff's June 4th, 2010 cease and desist letter.

(j) **Defendants**, acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated *Md. Comm. Law Code Ann. §14-201 et seq.*, *Md. Comm. Law Code Ann. §14-203* and *Md. Code Ann., Fam. Law § 14-101* as exhibited and demonstrated by their actual malice, motivated by ill will and the intent to injure, by continuing to place telephone calls to Plaintiff and use of threats, obscene, profane or grossly abusive language after receiving Plaintiff's June 4th, 2010 cease and desist letter.

**WHEREFORE**, the Plaintiff, **MICHAEL KENNEDY**, respectfully requests judgment be entered **jointly and severally** against **the** Defendants, **ACE CASH EXPRESS and DUHE ENTERPRISES, INC., dba ACE CASH EXPRESS FRANCHISE #5421**, for the following:

64.) Declaratory judgment that the Defendant's conduct, while acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated the *Fair Debt Collection Practices Act* of Maryland, *Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

65.) Declaratory judgment that the Defendant's conduct, while acting through **their** agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, violated the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq.*

66.) Statutory damages of $1000.00 **jointly and severally against Defendants ACE CASH EXPRESS and DUHE ENTERPRISES, INC., dba ACE CASH EXPRESS FRANCHISE #5421** pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq.*, and the Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

67.) Actual damages of:

(a) $175,000.00 **jointly and severally against Defendants ACE CASH EXPRESS and DUHE ENTERPRISES, INC., dba ACE CASH EXPRESS FRANCHISE #5421** for damages resulting from the infliction of emotional distress and mental anguish proximately

caused to Plaintiff by Defendant's actual malice, motivated by ill will and the intent to injure, and in violation of *Md. Comm. Law Code Ann.* § 14-203; and Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.*; and *Md. Comm. Law Code Ann. §14-201 et seq.*

(b)     Any and all costs related to mileage, postage, and copying fees incurred by the Plaintiff relative to this action.

(c)     Costs and reasonable attorneys' fees, if any, pursuant to the *Fair Debt Collection Practices Act, Title 15 U.S.C. §1692 et seq. and* the Maryland *Fair Debt Collection Practices Act, Md. Code Ann., Business Regulation § 7-101, et seq.* and *Md. Comm. Law Code Ann. §14-201 et seq.*

57.)     Any other relief that this Honorable Court deems appropriate, just or proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff, **MICHAEL KENNEDY**, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Michael E. Kennedy
Plaintiff, *pro se*

Dated this 27<u>th</u> day of August, 2010.

Michael E. Kennedy
33250 Old Ocean City Road
Parsonsburg, Maryland 21849
(410) 572-8802

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND        )
                                         ) ss:
COUNTY OF WICOMICO     )

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.) I am the Plaintiff in this civil proceeding.

2.) I have read the above-entitled civil **Amended** Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.) I believe that this civil **Amended** Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.) I believe that this civil **Amended** Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.) I have filed this **Amended** Complaint in good faith and solely for the purposes set forth in it.

Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL E. KENNEDY**, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

*(signature)*
Michael E. Kennedy
Plaintiff, *pro se*

Executed on this 27th day of August, 2010.

Michael E. Kennedy
33250 Old Ocean City Road
Parsonsburg, Maryland 21849
(410) 572-8802