# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL E. KENNEDY | : | |
| | : | |
| v. | : | Civil No. CCB-10-1900 |
| | : | |
| ACE CASH EXPRESS, et al. | : | |
| | : | |

## MEMORANDUM

Michael E. Kennedy, proceeding *pro se*, has sued ACE Cash Express, Inc. and Duhe Enterprises, Inc. ("the defendants"), alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Maryland Consumer Debt Collection Act ("MCDCA"), invasion of privacy, and intentional infliction of emotional distress. Now pending before the court is the plaintiff's motion for default judgment. Also pending are two separate motions to dismiss by the defendants.[1] For the following reasons, the plaintiff's motion will be denied and the defendants' motions will be granted.

## BACKGROUND

This lawsuit represents the third filed by Mr. Kennedy regarding alleged improper debt collection practices by various companies demanding payment from him for debts incurred by an individual named Marilyn Wilson.[2] On August 1, 2009, Mr. Kennedy switched his wireless

---

[1] The plaintiff filed a motion for summary judgment on December 6, 2010. The defendants moved to stay further briefing on the motion pending a ruling on the motion to dismiss, which the court granted. (*See* March 8, 2011 Order, ECF No. 37.)

[2] *See Kennedy v. Hankey Grp.*, No. 09-2890 (D. Md. filed Oct. 27, 2009); *Kennedy v. Chesapeake Utilities Corp.*, No. 10-2256 (D. Md. filed Aug. 17, 2010).

1

service provider from Sprint to Verizon, at which point he was given a new cell phone number, 443-523-0180. Sometime after receiving this new number, Mr. Kennedy alleges that he began receiving persistent calls from two telephone numbers, 972-550-5000 and 410-742-9222, demanding payment for a debt incurred by an individual named Marilyn Wilson. The telephone number 972-550-5000 belongs to the Irving, Texas office of ACE Cash Express ("ACE"). The telephone number 410-742-9222 belongs to an ACE franchisee located at 901 North Salisbury Boulevard, Salisbury, Maryland and allegedly owned and operated by Duhe Enterprises. According to Mr. Kennedy, he informed the individual or individuals who called from these numbers that he did not know a Marilyn Wilson. Despite Mr. Kennedy's explanation that he did not know Ms. Wilson, the callers continued to contact him and used abusive language when speaking to him, threatened to sue him if he did not put Ms. Wilson on the phone, and threatened to repossess his car. (*See* Am. Compl. ¶¶ 26-29.)

On June 4, 2010, Mr. Kennedy allegedly mailed a cease and desist letter, via certified mail, to ACE's Irving, Texas address. In this letter, Mr. Kennedy stated that he did not know Marilyn Wilson, was not legally responsible for any debts owed to ACE by Ms. Wilson, and demanded that ACE provide a copy of the contract proving that he owed ACE a debt. Mr. Kennedy also requested that if ACE could not prove that he owed a debt, that it refrain from contacting him in the future. (*See id.* at ¶ 33.) Neither ACE nor Duhe Enterprises responded to Mr. Kennedy's letter, and Mr. Kennedy continued to receive calls demanding payment of debt incurred by Marilyn Wilson.

On July 14, 2010, Mr. Kennedy filed suit against ACE. A summons listing ACE's address as 901 North Salisbury Boulevard, Salisbury, Maryland was issued on August 2, 2010.

2

The summons was not sent to ACE's address in Irving, Texas, where Mr. Kennedy previously sent his cease and desist letter. On August 13, 2010, an individual by the name of Tracy R. Moore received the summons at the Salisbury, Maryland ACE franchisee owned by Duhe Enterprises. (*See* ECF No. 12.)

On September 7, 2010, Mr. Kennedy filed an amended complaint adding Duhe Enterprises, d/b/a Ace Cash Express, as an additional defendant. On September 16, 2010, the Clerk of the Court issued a summons to ACE Cash Express at the address 1231 Greenway Drive, Suite #600, Irving, Texas. A summons also was issued to Duhe Enterprises at 5644 N. Nithsdale Drive, Salisbury, Maryland. Both of these summonses were executed on October 12, 2010. (*See* ECF Nos. 26 and 27.)

On October 4, 2010, Mr. Kennedy filed a motion for default judgment for the defendants' failure to serve an answer within 21 days after being served with the summons executed on August 13, 2010. Both of the defendants have opposed the motion and have separately filed motions to dismiss Mr. Kennedy's complaint.

## **ANALYSIS**

### I.     **Plaintiff's Motion for Default Judgment**

Mr. Kennedy's motion for a default judgment will be denied as to both defendants. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (citation omitted). Under the Federal Rules of Civil Procedure, service of process on a corporation is perfected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Here, it appears that Mr. Kennedy did not effectively serve ACE with a copy of the summons and a copy of the original complaint. In the summons issued by the Clerk of the Court on August 2, 2010, Mr. Kennedy listed a Salisbury, Maryland address for ACE. (*See* ECF No. 4.) Mr. Kennedy provided this address for ACE despite having listed ACE's address as located in Irving, Texas on the complaint itself, (*see* Compl. at 1.), and having previously sent a cease and desist letter to ACE at its Texas address, (*see* Am. Compl. ¶ 32.) Although the Salisbury, Maryland address was the location for an ACE franchisee owned by Duhe Enterprises, no agent authorized to accept service on behalf of Duhe Enterprises was authorized to accept service on behalf of ACE, a separate business entity. (*See* Hill Aff. ¶ 9.)[3] ACE did not receive service of process until a summons was issued on September 16, 2010, for Mr. Kennedy's amended complaint, for which he had altered ACE's business address to reflect its location in Irving, Texas. (*See* ECF No. 9.) Because ACE received that summons and a copy of the amended complaint on October 12, 2010, (*see* ECF No. 26), its motion to dismiss, filed on November 2, 2010, was timely. Default judgment, therefore, is not warranted against ACE.

Default judgment also is not warranted against Duhe Enterprises. Although it appears that an individual at the Salisbury, Maryland ACE Cash Express franchisee location signed for the summons issued on August 2, 2010, Duhe Enterprises was not a defendant in the plaintiff's original complaint. (*See* Compl., ECF No. 1.) Duhe Enterprises was added as an additional defendant in Mr. Kennedy's amended complaint. Like ACE, it received service of process on

---

[3] The resident agent of ACE authorized to accept service of process in Maryland, Corporation Trust Incorporated, has no record of ever being served with copies of the summons or complaint. (*See* Harris Aff. ¶ 8.)

4

October 12, 2010. (*See* ECF No. 27.) Duhe Enterprise's motion to dismiss, filed on October 22, 2010, therefore, was timely.

   II.   **Defendants' Motions to Dismiss**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --

U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Although the defendants filed separate motions to dismiss, they both argue that Mr. Kennedy's FDCPA claim (count II) should be dismissed because they are not "debt collectors" within the meaning of the FDCPA. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). An employee of a creditor collecting debts in the name of the creditor is excluded from the definition of a "debt collector." *See id.* at § 1692(a)(6)(A); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230 (4th Cir. 2007). Both defendants fall into this exclusion.

In his amended complaint, Mr. Kennedy alleges that ACE and Duhe Enterprises, operating an Ace Cash Express franchise and doing business under that name, engaged in business "specializing in gold buying; auto insurance; prepaid debit cards; payday loans; and title loans." (Am. Compl. at 2.) Mr. Kennedy does not allege that either defendant was seeking to collect debt on behalf of a third party. Instead, he alleges that both of the defendants made numerous calls to his cell phone, attempting to collect debt directly owed to them by a Marilyn Wilson. The defendants, therefore, are not "debt collectors" as defined by the FDCPA. Accordingly, Mr. Kennedy's FDCPA claim will be dismissed.

Because the court's jurisdiction in this case was based on federal question jurisdiction under 28 U.S.C. § 1331 and the only federal claim in this case will be dismissed, I will decline to

exercise supplemental jurisdiction over the plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). A separate Order follows.


May 5, 2011                                            /s/
Date                                            Catherine C. Blake
                                                United States District Judge